**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARCH ENERGY, L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00499-MTS |
| | ) | |
| CITY OF BRENTWOOD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file.  Given Defendants' contentions in this litigation, the Court questions whether it has subject-matter jurisdiction over this action.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Defendants removed this case from the Circuit Court of St. Louis County, Missouri alleging that this Court has original jurisdiction over this action under 28 U.S.C. § 1331.  Doc. [1] ¶¶ 1, 3–4. But now, only days after removal, Defendants argue that the Court should dismiss this case because the Court actually "lacks subject matter jurisdiction over Plaintiff's" claims.  Doc. [13] at 6; *accord* Doc. [10] ¶ 3 ("Plaintiff's failure to allege facts establishing subject matter jurisdiction warrants dismissal of the Amended Petition as a matter of law").

Congress has mandated that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" in a case removed to it, "the case shall be remanded."  28 U.S.C. § 1447(c).  The statute requires remand and gives no discretion to the district court.  *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991); *see also McAfee, Inc. v. Wilmer, Cutler, Pickering, Hale & Dorr, L.L.P.*, 4:08-cv-160, 2008 WL 3852704, at *3 (E.D. Tex. Aug. 14, 2008) ("The literal words of § 1447(c) do not

provide courts with discretion to dismiss, rather than remand, upon finding a lack of subject matter jurisdiction.").

Given that statute's requirement, Defendants shall show cause why this case must not be remanded now that they plainly assert the Court lacks subject matter jurisdiction. *See, e.g.*, *Wilson v. St. Louis Metro. Sewer Dist.*, 4:07-cv-01415-FRB, 2007 WL 2908058, at *3 (E.D. Mo. Oct. 1, 2007) (remanding case pursuant to § 1447(c) because removing party did not show the matter was "ripe for removal"); *Detter v. Keybank N.A.*, 4:16-cv-00498-ODS, 2016 WL 7242556, at *1 (W.D. Mo. Dec. 13, 2016) (remanding case where no jurisdiction existed after concluding "the appropriate remedy [wa]s not to dismiss the case, but to remand" it); *see also Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1032 (8th Cir. 2014) (finding that where a state case is removed to federal court but lacks Article III standing, the proper remedy is remand to state court); *Dallas Indep. Sch. Dist. v. Calvary Hill Cemetery*, 318 F. Supp. 2d 429, 432 (N.D. Tex. 2004) (noting that if a federal claim upon which the removal is based is not ripe, a district court "must remand the case to state court for lack of subject matter jurisdiction").  Defendants' brief should not exceed six (6) pages and should be filed no later than Thursday, May 19, 2022.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall show cause, consistent with this Memorandum and Order and no later than Thursday, May 19, 2022, why the Court must not remand this case.

Dated this 13th day of May, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 2 -