UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARCH ENERGY, L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00499-MTS |
| | ) | |
| CITY OF BRENTWOOD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Plaintiff Arch Energy, L.C. filed the instant action in the Circuit Court of St. Louis County against Defendants, the City of Brentwood, Missouri and numerous Brentwood officials both in their individual and official capacities. Plaintiff's Amended Petition consists of four counts: "Declaratory Judgement" (Count I); "Inverse Condemnation" (Count II); "42 U.S.C. § 1983 Deprivation of Civil Rights" (Count III); and "Conspiracy to Deprive Constitutional Rights" (Count IV). Doc. [5]. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 asserting that this Court has original jurisdiction under 28 U.S.C. § 1331, which provides this Court federal question jurisdiction—that is, jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *See* Doc. [1].

"Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)). In this case, federal law plainly creates the causes of action that Plaintiff alleges in Count III and Count IV in that both Counts are brought pursuant to 42 U.S.C.

- 1 -

§ 1983 and invoke provisions of the United States Constitution. *See, e.g.*, Doc. [5] ¶¶ 68, 70–71, 79, 82.

Though federal law creates the causes of action in Count III and Count IV, beyond that, the Court finds it cannot rule on Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Doc. [10], because the Court cannot determine what right (or rights) Plaintiff alleges Defendants violated in each Count. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Thus, the "first step" in any § 1983 claim "is to identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271; *accord Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that "the first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged" (quoting *Baker*, 443 U.S. at 140)); *Cnty of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998) ("As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated.").

The Court cannot identify what precise constitutional provision Plaintiff is alleging Defendants violated because Plaintiff crams multiple constitutional provisions in each § 1983 Count. For example, in Count III, Plaintiff makes allegations invoking the takings clause of the Fifth Amendment, the due process clause of the Fourteenth Amendment (or, perhaps, of the Fifth Amendment since Plaintiff does not specify which), and the equal protection clause of the Fourteenth Amendment. *See, e.g.*, Doc. [5] ¶ 69 (alleging Defendants "failed and refused to afford Plaintiff's due process in the form of public notice, hearings, recognition of vested rights, and taking of property rights and values without just compensation"); *id.* ¶ 72 (alleging Defendants

"subjected and cause Plaintiff to be subjected to a deprivation of its rights to due process and equal protection by taking and devaluing Plaintiff's property without notice or having the opportunity for a hearing as required by law").

Count IV, the conspiracy to deprive constitutional rights claim, is no clearer. First, Plaintiff incorporates every preceding paragraph in this Count; so, it necessarily has the same problems caused by the allegations pleaded in Count III.[1] The Count IV specific allegations start by referring generally to Plaintiff's "vested, protected property interest and constitutional rights," Doc. [5] ¶ 78, and then go on to describe Defendant's alleged actions as "*per se* invidiously discriminatory" and violative of "the equal protection clauses of the United States and Missouri Constitutions," *id.* ¶ 79.

In its current form, the Amended Petition "shifts 'the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support'" onto Defendants and the Court. *Harper v. Ascension Health All.*, 4:17-cv-02495-ERW, 2017 WL 6407776, at *2 (E.D. Mo. Dec. 15, 2017) (quoting *Gurman v. Metro Housing & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011)). But it is Plaintiff's burden "to research the relevant law,

---

[1] Incorporating all previous paragraphs into subsequent counts is not as disapproved of within this Circuit as it is elsewhere. *Compare, e.g.*, *Superior Edge, Inc. v. Monsanto Co.*, 44 F. Supp. 3d 890, 898 (D. Minn. 2014) (finding that a counterclaim which incorporated by reference the prior paragraphs within seven separate counts was nonetheless "more than sufficient to put [plaintiff] on notice" where each count "explicitly state[d] the basis for relief under each legal theory"), *and Chole v. Bos. Sci. Corp.*, 4:19-cv-02976-JAR, 2020 WL 1853266, at *2 (E.D. Mo. Apr. 13, 2020) (rejecting argument that complaint should be dismissed because each count incorporated the preceding allegations since each count "explicitly state[d] the basis for relief under each legal theory"), *with Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) (opining that when a complaint contains multiple counts and "each count adopts the allegations of all preceding counts," it is the "mortal sin" of "shotgun pleading" because it causes "each successive count to carry all that came before and the last count to be a combination of the entire complaint"). While the Court would have little issue with a complaint that incorporates previous paragraphs if each count was separated by precise descriptive headers and if each count explicitly stated the basis for relief under each legal theory, Plaintiff's Amended Petition does neither. Thus, since it incorporated its multifarious other claims into another vague claim, it becomes impossible to determine what Plaintiff alleges Defendant(s) conspired to do. Plaintiff's incorporation also makes it unclear against which Defendant(s) Count IV is asserted. Count IV mentions only Defendant Kelly, but it is axiomatic that a conspiracy requires the involvement of more than one individual. And given that Plaintiff incorporates all previous allegations, it is unclear whether it intended to allege other Defendants also were members of the alleged conspiracy.

to plead only viable claims, and to plead those claims concisely and clearly, so that [Defendants] can readily respond to them and [the Court] can readily resolve them." *Id.* Plaintiff has not done that here, and, given that, the Court determines it cannot provide a proper ruling on Defendants' Motion to Dismiss. Therefore, the Court will provide Plaintiff twenty-one (21) days to file an Amended Complaint. *See Wilson v. Jefferson Cnty.*, 4:18-cv-1957-CAS, 2019 WL 585423, at *1 (E.D. Mo. Feb. 13, 2019) (ordering plaintiff to file an amended complaint where plaintiff alleged "numerous potential causes of action against multiple defendants" in one § 1983 count); *Katekaru v. Egan*, 4:13-cv-349-DGK, 2014 WL 4723126, at *6 (W.D. Mo. Sept. 23, 2014) (ordering plaintiff to separate his "various Section 1983 claims into distinct counts" in an amended complaint); *cf. Cheeks v. Belmar*, 4:18-cv-2091-SEP, 2020 WL 5569982, at *2, *30, n.3 (E.D. Mo. Sept. 17, 2020) (dismissing, on the court's own motion, plaintiff's count that included "multiple causes of action based on four constitutional provisions in a single count without adequately identifying the nature and constitutional basis of each cause of action").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file an Amended Complaint in this case no later than **Monday, October 17, 2022**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, Doc. [10], is **DENIED** without prejudice as moot.

**IT IS FINALLY ORDERED** that Defendants shall file any required response to Plaintiff's Amended Complaint no later than **Monday, November 07, 2022**.

Dated this 26th day of September, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE